# Third District Court of Appeal

## State of Florida

Opinion filed August 6, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1880
Lower Tribunal No. 21-CA-468-K

_____

**Richard Titus, et al.,**
Appellants,

vs.

**Soni & Sons Limited Partnership Agreement,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Highsmith & Van Loon, P.A., and David Van Loon and Olivia Freeman, for appellants.

Hershoff, Lupino & Yagel, LLP and Joanne Pereira, James S. Lupino, and Russell A. Yagel, for appellee.

Before LOGUE, GORDO, and LOBREE, JJ.

PER CURIAM

Affirmed.  See Hardee v. Horton, 108 So. 189, 210 (Fla. 1925) ("A deed to land, duly executed, describing such land sufficiently to enable a surveyor from such description to locate said land on the ground, vests in the grantee the title thereto of the grantor as of the time of the delivery of the deed."); Miami Holding Corp. v. Matthews, 311 So. 2d 802, 803 (Fla. 3d DCA 1975) ("[I]t is an accepted principle of law that the delivery of a complete deed executed by a grantor who had title to the land invests the grantee with title[.]");  Seton v. Swann, 650 So. 2d 35, 36–37 (Fla. 1995) ("[A] party must meet two requirements to acquire title through adverse possession by color of title under section 95.16: First, the property must be described in a written instrument recorded in official county records, and, second, the property must be possessed continuously for seven years.");  Moore v. Musa, 198 So. 2d 843, 847 (Fla. 3d DCA 1967) ("To be effective as color of title, an instrument must purport to convey the land involved and contain a proper description by which the property may be identified.  Color of title means only an apparent or semblance of title as opposed to actual title….  The deeds purporting to convey title to the disputed property and containing a proper description of the overlapping property, though defective because of want to title in the grantor, may be relied on as color or title.");  Frazier v. Goszczynski, 161 So. 3d 542, 545 (Fla. 5th DCA 2014) (finding that a

quitclaim deed, if conveyed in "good faith and with the belief that it constitutes a legitimate conveyance of title" will "satisfy the color of title requirement"); Porter v. Lorene Inv. Co., 297 So. 2d 622, 624 (Fla. 1st DCA 1974) ("The pertinent time for determining the ownership of the disputed parcel commences when [adverse possessor's] predecessor in title [] reduced the disputed land to his possession and control.  The record reveals that this was done… when [the predecessor] completely enclosed the land with a fence.").